ORDER
SAYRE, JUDGE:
An application of the claimant, John R. Sarver, for an award under the West Virginia Crime Victims Compensation Act, was filed March 27, 2006. The report of the Claim Investigator, filed August 23, 2006, recommended that no award be granted, to which the claimant filed a response in disagreement. An Order was issued on December 21, 2006, upholding the Investigator’s recommendation and denying the claim, in response to which the claimant’s request for hearing was filed January 12, 2007. This matter came on for hearing July 10, 2007, the claimant appearing in person, and the State of West Virginia by counsel, Benjamin F. Yancey, III, Assistant Attorney General.
On January 1, 2006, the 22-year-old claimant was the victim of criminally injurious conduct in South Charleston, Kanawha County. The claimant was leaving a bar known as Schultzies when he was struck in the head by Barry Payne. As a result of this incident, the claimant suffered multiple contusions and facial fractures.
This Court’s initial denial of an award was based on the Claim Investigator’s finding that the claimant did not pursue charges against the alleged offender. W.Va. Code §14-2A-14(d) provides: “A judge or commissioner, upon a finding that the claimant or victim has not fully cooperated with appropriate law-enforcement agencies ... may deny a claim, reduce an award of compensation, or reconsider a claim already approved.”
The claimant testified at the hearing of this matter that after the incident with Mr. Payne, he learned that Mr. Payne had numerous charges brought against him in the past, but that all of those charges had been dismissed. He further learned that Mr. Payne lived in the same area as the claimant and his mother. Mr. Sarver testified that he decided not to pursue charges against Mr. Payne for fear of retaliation by him.
The Claim Investigator’s original finding was that the claimant failed to pursue charges against the alleged offender. The original Order upheld the Claim Investigator’s finding, disallowing the claim. It became the claimant’s burden to prove *219 to the Court why it should make an award of compensation on his behalf despite his failure to cooperate with law-enforcement. The claimant testified that he was concerned about what the alleged offender might do to him and his family if he pursued the charges. In light of the evidence put forth by the claimant, the Court is of the opinion that he has met his burden of proof. The Court therefore finds that the claimant was an innocent victim of crime and that, while he chose not to pursue charges against the alleged offender, an award of compensation is warranted. However, the Court further finds that the award should be reduced by one-half for the claimant’s failure to pursue charges.
The Court is constrained by the evidence to reverse its previous ruling.
Based on the foregoing, the Claim Investigator is hereby directed to prepare an economic loss analysis to ascertain the claimant’s unreimbursed allowable expenses relating to the incident, reduced by half, for further review by this Court.